

FILED
2017 JUL 19 PM 3: 53
CLERK, US DISTRICT
MIDDLE DISTRICT
JACKSONVILLE

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ALVIN O. CALINISAN
and LOUWELLA M. CALINISAN,

    Plaintiffs,

CASE NO.: 3:17-cv-824-J-34PDB

vs.

OCWEN LOAN SERVICING, LLC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, ALVIN O. CALINISAN and LOUWELLA M. CALINISAN, by and through undersigned counsel, sues the Defendant OCWEN LOAN SERVICING, LLC., (hereinafter OCWEN) and in support thereof respectfully alleges the following:

1. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like OCWEN from invading American citizen's privacy and prevent abusive "robo-calls."

3. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls *"Mims v. Arrow Fin. Servs., LLC,* -US--, 132 S. Ct., 740, 745, 181, L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night, they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option; telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Circ. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 748 (2012) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiffs reside in this District (Duval

County), the phone calls were received in this District and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Duval County, Florida, and reside in this District.

11. Plaintiffs are "consumers" as defined in Florida Statute 559.55(2).

12. Plaintiffs are "alleged debtors."

13. Plaintiffs are the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant is a "person" as referenced by Florida Statute § 559.72. Defendant sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6), specifically a debt for a mortgage at 7629 Canfield Court, Orlando, Florida 32818.

16. Plaintiff Alvin O. Calinisan, executed a promissory note and mortgage on or about January 30, 2006 for 7629 Canfield Court.

17. Plaintiff Louwella M. Calinisan did **not** execute a promissory note or mortgage for 7629 Canfield Court.

18. Defendant, OCWEN LOAN SERVICING LLC., is a corporation headquartered in West Palm Beach, Florida and conducting business in the State of Florida.

19. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida, by the Defendant's placing of illegal calls to

Plaintiffs in Duval County, Florida.

20. Defendant, at all material times, was attempting to collect on an consumer loan for 7629 Canfield Court, (hereinafter the "subject account"), which was serviced by Defendant.

21. Defendant knowingly and/or willfully harassed and abused Plaintiffs on numerous occasions by calling Plaintiffs'; cellular telephone numbers multiple times a day from approximately June 2010 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

22. Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C.§ 227(a)(1) (hereinafter "autodialer calls"). Plaintiffs will testify that there was a pause before a live person came on the line.

23. Each of the autodialer calls the Defendant made to Plaintiff, Alvin Calinisan's cellular telephone number were done after he had revoked consent and without the "prior expressed consent" of the Plaintiff.

24. Each of the autodialer calls the Defendant made to Plaintiff, Louwella M. Calinisan's cellular telephone number were done without the "prior expressed consent" of the Plaintiff as she was not a party to the mortgage and note for 7629 Canfield Court and never provided her cellular phone number to Defendant.

25. Plaintiff, Alvin Calinisan, is the regular user and carrier of the cellular telephone

number **562-841-0637**, and was the called party and recipient of Defendant's autodialer calls.

26. Plaintiff, Louwella M. Calinisan, is the regular user and carrier of the cellular telephone number **626-378-9371**, and was the called party and recipient of Defendant's autodialer calls.

27. Plaintiffs retained counsel on June 10, 2016 and from that day forward instructed all calls from the Defendant to cease. In subsequent calls from the Defendant, Alvin Calinisan explained to the Defendant's agents that he and his wife had an attorney, provided the attorney's name and address and demanded that the calls to him cease.

28. Since then, the calls have continued.

29. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond, when Plaintiffs first advised Defendant to stop calling them.

30. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiffs, despite the individuals, like Plaintiffs, advising the Defendant to stop calling.

31. Defendant's corporate policy provided no means for the Plaintiffs to have their cellular numbers removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiffs.

32. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

33. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

34. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

35. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiffs' cellular telephone.

36. Due to Defendant's constant autodialer calls and demands for payment, Plaintiffs have suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

37. Plaintiffs re-alleges and incorporates Paragraphs one (1) through thirty-six (36) above as if fully stated herein.

38. None of Defendant's autodialer calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

39. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiffs' cellular telephone numbers after Plaintiffs revoked consent to be called and without Plaintiffs' prior express consent.

40. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiffs' cellular telephones after Plaintiffs notified Defendant, when Plaintiffs verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact them, and told Defendant to stop calling them.

41. Defendant repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, punitive damages, costs, interest, and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

42. Plaintiffs incorporate Paragraphs one (1) through thirty-six (36) above as if fully set forth herein.

43. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

44. By continuing to contact the Plaintiffs directly after being repeatedly on notice that they were represented by an attorney, the Defendant violated the Florida Consumer Collection Practices Act, specifically:

45. Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. Florida Statute §559.72(18)

46. Defendant's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and

judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated this 18th day of July, 2017.

**MAX HUNTER STORY, P.A.**

**/s/ Max Story**
Max Story, Esquire
Florida Bar No. 0527238
328 2ND Avenue North
Jacksonville Beach, Florida  32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
Attorney for Plaintiff